**Margaret Catherine WOOD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 18, 1971.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., and James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

The judgment of conviction of Edward Lenin Williams for the wilful murder of appellant's deceased husband, James Alvin Wood, was affirmed by the opinion in Williams v. Commonwealth, Ky., 464 S.W. 2d 244. He was given the death penalty.

Appellant was indicted along with Williams and one other person on a charge of wilful murder. After consulations by appellant's attorney with the first assistant Commonwealth's attorney, she changed her plea from not guilty to guilty to an amended charge of "aiding and abetting voluntary manslaughter" and waived jury trial. Her punishment was fixed at 21 years in prison. She immediately moved the court

that she be probated. The court ordered the probation officer to investigate and file a report, which was done. The report was considered by the court with the comment that probation was objected to by the Commonwealth's attorney, and the trial court overruled her motion to probate. Appellant then filed motion to set aside the judgment of conviction and grant her a new trial on the ground that her plea of guilty was entered by her in consideration of a promise from the first assistant Commonwealth's attorney, to use his own language, that he "would not either oppose or favor probation," after which he objected to and protested probation to the probation officer. The motion to set aside the judgment was overruled, and this appeal followed.

First the affidavit of the first assistant Commonwealth's attorney admits he promised he "would not either oppose or favor probation of the defendant when the matter came before the court for determination." He further states that on the date of the hearing, he was "present in the courtroom and did not in anywise express an opinion in favor or in opposition to the motion to probate. Affiant stood mute in the court and was not asked by the presiding judge * * * whether or not he favored or opposed the Motion to Probate."

He also testified that KRS 439.510 "provides that any and all information obtained by the Probation Officer is absolutely privileged and 'should not be disclosed directly or indirectly to any person' unless ordered by the Court."

He prefaced these statements with one that he first advised appellant that the question of whether to probate or not to probate was entirely within the discretion of the trial judge.

The first assistant Commonwealth's attorney does not deny that he protested or objected to probation to and for the benefit of the probation officer. But in his affidavit, he seeks to suppress the report of the probation officer by citing the above statute. The trial judge "let the cat out of the bag" when he announced from the bench when ruling on the motion to probate that the Commonwealth's attorney had objected to probation.

If there is any rule of criminal procedure that is settled and fundamental, it is that a plea of guilty must be "voluntary." RCr 8.08.

Appellant first entered a plea of not guilty. It was after the assurance of the assistant Commonwealth's attorney that he would remain "mute" when her request for probation came up that she changed her plea to guilty. It matters not that the recommendation or objection of the prosecuting attorney was not binding on the trial judge. People v. Mitchell, 46 Ill.2d 133, 262 N.E.2d 915 (1970).

The position taken by the prosecuting attorney would have some weight with the trial judge in granting or refusing probation. So it cannot be practically said that a promise of the prosecuting attorney not to protest is worthless. We have little toleration for the argument of the prosecuting attorney that his promise not to "oppose or favor" probation at the hearing did not preclude him from privately registering his opposition to probation with the trial court through the probation officer.

It is concluded that appellant's plea of guilty was induced by a promise of the prosecuting attorney which he did not in fact or in spirit perform and was therefore involuntary. This makes it unnecessary to discuss the other questions raised by appellant. Also we have previously ruled on appellee's motion to dismiss this appeal. We are not here concerned with the guilt or innocence of the appellant or with the seriousness of the charge.

The judgment is reversed with directions that appellant be permitted to withdraw her plea of guilty and be granted a new trial.

All concur.