**William Franklin ANDERSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

On September 30, 1968, the appellant, William Franklin Anderson, entered a plea of guilty in the Laurel Circuit Court to an indictment charging him with carnal knowledge of a female between the ages of twelve and sixteen years in violation of KRS 435.100(1)(b). The record shows that the appellant, represented by counsel, was asked by the court if he understood that the plea of guilty wavied his right to a jury trial and permitted the court to fix his punishment. He was also asked if the guilty plea was of his own free will without any threats or promises having been made to him. He answered affirmatively. With his consent and that of his counsel,

judgment was postponed and he was released into federal custody to serve a prison sentence on an unrelated federal charge. Upon his release from federal custody he was to return to the Laurel Circuit Court for "the purpose of the court placing judgment requiring you at that time to serve any sentence if your conduct so requires." Between the original plea of guilty in 1968 and appellant's release from Federal Prison in 1972, the Laurel Circuit Judge had been succeeded by another judge.

■ Upon his return for sentencing appellant stated to the court that his guilty plea was entered with the understanding that his sentence would be probated upon his release from Federal Prison.

An evidentiary hearing was held to determine whether the plea was induced by a promise of probation. Appellant and his father testified for the defense. The substance of appellant's testimony was that he understood from his attorney that his sentence would be probated but he never spoke specifically with the judge or the prosecutor concerning the guilty plea. The appellant claimed that the judge asked him in open court if he understood that he would be brought back for probation.

The transcript of the proceedings at the time of entry of the plea does not contain any reference to such a colloquy.

The Commonwealth called the original trial judge who testified that he never promised appellant's attorney any specific sentence or probation.

At the evidentiary hearing, the appellant filed a motion for leave to withdraw his plea of guilty.

The trial court overruled both the motion to vacate the judgment and the motion to withdraw the plea of guilty. From that order and judgment the appellant appeals.

He contends that his plea was involuntary because he was led to believe the sentence would be probated. Cf. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1969). We read *Santobello* to hold that where a plea of guilty is alleged to have been induced by promise, the essence of those promises must in some way be shown. No such promises were shown here and we agree with the trial judge that appellant's claim of inducement to plead guilty with the promise of probation is wholly without foundation. The peculiar wording of the order to return for sentence may be construed to hint at the possiblity of probation but falls far short of an implied promise.

■ The appellant's other contention is that under RCr 8.10 he should have been able to withdraw his guilty plea on February 15, 1972, since the judgment was not final until that date. RCr 8.10 provides:

"Withdrawal of Plea.—At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

We have held that the permission to withdraw a guilty plea and substitute a plea of not guilty is a matter within the sound discretion of the trial court. Hurt v. Commonwealth, Ky., 333 S.W.2d 951 (1960). The appellant cites no reason nor do we find any reason on which to say that the trial court abused its discretion.

The judgment is affirmed.

All concur.