James Christopher COUCH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 6, 1975.

Rehearing Denied Oct. 3, 1975.

Anthony M. Wilhoit, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., William W. Pollard, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

James Christopher Couch appeals from a judgment of the Rockcastle Circuit Court entered on his plea of guilty to charges of housebreaking, six years; robbery, six years; and robbery, six years. Couch insists that the trial court erred in overruling his motion to withdraw his plea of guilty to these charges.

A Rockcastle County grand jury indicted Couch on one count of housebreaking and two counts of armed robbery. While these indictments were pending, Couch was serving a two-year sentence in the Kentucky State Reformatory as a result of a conviction in the Lincoln Circuit Court. Couch was represented by the public defender. The record indicates that sometime prior to the trial date the public defender and the Commonwealth's attorney had engaged in plea-bargaining negotiations by which it was agreed that if Couch would plead guilty to charges of housebreaking, robbery, and robbery the Commonwealth's attorney would recommend sentences of six years on each charge to run concurrently and would further recommend that these latter sentences run concurrently with the sentence he was then serving. Couch then appeared before the judge of the Rockcastle Circuit Court, along with his counsel and the Commonwealth's attorney, and changed his plea of not guilty to guilty. The court in each instance pronounced a sentence of six years as recommended by the Commonwealth's attorney.

Prior to any motion on the part of Couch to withdraw his guilty plea, the Commonwealth's attorney fully complied with his agreement by recommending to the court that the three six-year sentences be run concurrently with each other and with the existing Lincoln County sentence of two years. The court indicated that it had no objection to the six-year sentences being served concurrently with each other but that it would not permit them to run concurrently with the existing two-year sentence, because Couch would be immediately eligible for parole. Upon the court's indicating that it would not be bound by the recommendation of the Commonwealth's attorney, Couch immediately moved that he be permitted to withdraw his plea of guilty and enter a new plea of not guilty, which motion the court overruled.

In support of his claim of error, Couch cites RCr 8.10 and the opinions of this court in Wood v. Commonwealth, Ky., 469 S.W.2d 765 (1971); and Anderson v. Commonwealth, Ky., 507 S.W.2d 187 (1974). RCr 8.10 provides that the trial court *may* at any time before judgment permit a plea of guilty to be withdrawn and a plea of not guilty substituted.

*Wood* and *Anderson,* supra, are, in effect, located at opposite ends of the spectrum governing the discretionary authority of the court in permitting the withdrawal of a plea of guilty.

In *Wood*, the Commonwealth's attorney had assured the defendant that if she would plead guilty to a lesser charge he would make no objection to her motion for proba-

tion. He broke this agreement and discussed her case with the probation officer and recommended that she not be granted probation. In reversing the court's refusal to permit a withdrawal of the guilty plea, this court concluded that the plea had been induced by the promise of the prosecuting attorney, which he did not in fact or spirit perform, and was therefore involuntary.

In *Anderson,* the defendant entered a plea of guilty and was then released to complete a sentence in a federal prison. Upon his return to the Laurel Circuit Court for sentencing, the defendant claimed that he entered his plea of guilty only because it was his understanding that his sentence would be probated upon his release from federal prison. Evidence-wise, there was no showing of any promise of probation. The defendant claimed only that he had understood from his attorney that he would be probated but that neither the trial judge nor the Commonwealth's attorney committed themselves to him. In upholding the refusal of the trial court to permit defendant to withdraw his plea of guilty, this court said that permission to withdraw a plea was a matter within the sound discretion of the trial court and that the failure of the defendant to make any showing that a promise of probation had been made was a clear showing that there had been no abuse of discretion on the part of the trial court.

In this case we find that the position of Couch is midway between the two extremes as illustrated by *Wood* and *Anderson.* Here, the Commonwealth's attorney had fully performed each item of his agreement with Couch and his counsel and had made the required recommendations. However, the court refused to be bound by the recommendation of the Commonwealth's attorney. The question then becomes whether the refusal of the court to be bound by the agreement and recommendation of the Commonwealth's attorney was such as to make the guilty plea involuntary and the action of the court in refusing to permit its withdrawal an abuse of discretion.

This court is of the opinion that in most instances this question can be resolved by a determination of just how extensively the defendant was misled, if he was, by the action of the trial court at the time of the entry of the plea of guilty. At the time the court accepted the guilty plea of Couch on the three indictments, the judge questioned him at length concerning his plea of guilty, and although the questions propounded upon each charge are not exactly verbatim their similarity is such that we do not deem it necessary to quote more extensively than the following. On the housebreaking indictment and the plea, the court examined Couch and his counsel in part as follows:

"Q. Have any promises been made to you that if you plead guilty to the charge in Indictment # 678 that the Court will go easy on you?

A. No, sir.

Q. Do you understand that no one can make you a promise that would bind me as Judge of this Court?

A. Yes, sir.

Q. Mr. Rogers the defendant has entered a plea of guilty to Indictment # 678 housebreaking do you have any recommendations?

HAROLD ROGERS:

I recommend that he be found guilty and his punishment fixed at six years.

Q. Mr. Couch you have heard the recommendation of the Commonwealth Attorney that you be found guilty and that your punishment be fixed at six years in the penitentiary, now the Court again wants to inform you that the recommendation of the Commonwealth's Attorney is not binding upon this Court, I could find you, upon a plea of guilty, I can find you, fix your punishment at 6 years, I can I can fix it at ten years I can fix it at two years, or five years, it is all in the discretion of the Court, now knowing the

recommendation of the Commonwealth's Attorney and knowing that the Court is not bound thereby the Court will give you an opportunity now to withdraw your plea of guilty and enter a plea of not guilty if you so desire do you want to withdraw your plea of guilty and enter a plea of not guilty?

A. No, Your Honor.

Q. Mrs. Isaacs, you understand that the recommendation of the Commonwealth's Attorney is not binding upon the Court do you, as his attorney, want more time, to confer with your client as to whether he should or should not withdraw his plea of guilty?

ANNA ISAACS: No Your Honor.

Q. Do you desire to withdraw his plea of guilty or let it stand?

ANNA ISAACS: Desire to let it stand."

Couch and his counsel were afforded opportunities down to the very last minute to withdraw the plea of guilty, and we can find nothing in this record to indicate that he was in any wise misled and surely not to the extent that the plea became involuntary. This court is of the opinion that the trial court properly exercised its discretion under RCr 8.10 in denying Couch's motion to withdraw his guilty plea.

The judgment is affirmed.

All concur.