**Dwight MURPHY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

Jack Emory Farley, Public Defender, Edward C. Monahan, Andrew L. Vandergaw, Asst. Public Defenders, Benton, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, Woodson T. Wood, Commonwealth Atty., 19th Judicial Dist., Maysville, for appellee.

Before HOGGE, LESTER and WHITE, JJ.

LESTER, Judge.

Appellant, Dwight Murphy, was indicted for receiving stolen property valued in excess of $100.00 in violation of KRS 514.110. On September 7, 1976, Murphy appeared before the Mason Circuit Court, represented by counsel, and stated that he had been advised of his rights; that he desired to enter a plea of guilty from which there would be no appeal; that he had been informed that the Commonwealth would recommend a sentence of one year which recommondation would not be binding upon the court and that the maximum penalty could be five years incarceration. Moreover, the court advised appellant that he was not required to enter the plea and if he so desired, he could have a speedy jury trial. The circuit court then found that Murphy's plea of guilty was voluntarily entered and appellant, his counsel, the Commonwealth's Attorney and the trial judge signed the transcript. Thereupon, the court postponed sentencing until September 28, 1976, and at that time the punishment was fixed at five years which was probated for a like period. Nothing in the record even suggests that Murphy objected to the five year probated sentence as opposed to the one year's incarceration recommended by the Commonwealth nor did he move to withdraw his plea of guilty.

Sometime later on the same day, appellant went to the home of Gay Lang, a witness who appeared before the grand jury in Murphy's behalf, who refused him admittance. Mrs. Lang returned to her bedroom on the second floor and saw her window being opened but she did not know who was attempting to get in her quarters. Thereupon, Gay ran out of the house and down the street to her employer's home and during her journey, she claims she saw Dwight chasing her all of which resulted in appellant being charged with harassment although no warrant to that effect appears in the record. Moreover, we observe an order in the record which revoked Murphy's probation reciting that he had violated his probation and in spite of a hearing having been held to so determine if he had in fact been guilty of harassment and violation of probation, there is nothing in the record making specific charges to that effect.

Defendant below first complains that it was error for the trial court not to afford an opportunity to withdraw the plea of guilty citing as authority therefor *Wood v. Commonwealth*, Ky., 469 S.W.2d 765 (1971) wherein the prosecutor agreed not to oppose probation but in fact did so to the probation officer who included such objection in his report. In the case at bar, the representative of the Commonwealth did everything that he said he would do, namely, recommend a one year sentence while in *Wood* the contrary is true. Appellee correctly directs our attention to *Couch v. Commonwealth*, Ky., 528 S.W.2d 712 (1975) where we note that a motion was filed for leave to withdraw the guilty plea (which was not done in the case at bar). Commissioner Catinna held:

> Couch and his counsel were afforded opportunities down to the very last minute to withdraw the plea of guilty, and we can find nothing in this record to indicate that he was in any way misled and surely not to the extent that the plea became involuntary. This court is of the opinion that the trial court properly exercised its discretion under RCr 8.10 in denying Couch's motion to withdraw his guilty plea.

A perusal of the record and the *Couch* decision indicate that the cases are almost identical the appellant's reply brief notwithstanding to the contrary. If we adopted Murphy's position in regard to the first issue standing alone, it would have the effect of exposing him to a year or more in the penitentiary in lieu of probation.

Appellant assigns as error three additional issues, to wit, the failure to serve upon him written notice of the charges against him or the nature of the proceedings to be held, failure to hold a bifurcated probation hearing and failure to require the Commonwealth to prove the charges against him by a preponderance of the evidence. In support of his position, Murphy relies upon *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) which deal with the minimal due process requirements attendant upon revocation of probation. In *Morrissey*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, at 33 L.Ed.2d 484, 499 the criteria was set forth by Chief Justice Burger speaking for the majority. A parolee's constitutional rights are protected when revocation is being considered if (1) a written notice of the claimed violations of parole are served, (2) a disclosure of the evidence to be used is made, (3) an opportunity is granted to be heard in person, present witnesses and documentary evidence, (4) confrontation and cross-examination of witnesses is afforded (unless a specific finding for good cause is made to the contrary), (5) a neutral and detached hearing body conducts the procedure and (6) a written statement is made by the fact finder(s) as to the evidence relied on and the reasons for revoking parole. We see no distinction between probation and parole because *Gagnon* deals with the former while *Morrissey* the latter. Since the appellant was tried by the circuit court, we do not believe that the *Morrissey* decision requires a preliminary hearing as well as a revocation hearing. The Supreme Court was speaking in the terms of a procedure before an independent administrative officer (not a parole officer nor necessarily a judicial officer) to determine if there is probable cause or reasonable ground to believe that an act has been committed constituting violation of conditions of probation, while the second hearing must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. We do not believe the foregoing procedure would apply where a court of competent jurisdiction, such as the Mason Circuit Court, conducted the appropriate inquiry.

Contrary to the argument propounded by appellant, the Supreme Court has not prescribed the double hearing procedure, for in *Morrissey* it held that:

> (w)e cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process.

Chief Justice Burger referred to this Commonwealth as one among twenty-nine others that have provided for some type of hearing. See Brickey, *Kentucky Criminal Law*, § 29.09 (1974) and KRS 533.050 formerly KRS 439.430(1).

There is no doubt that appellant was not served with notice that a hearing would be held for the purpose of determining whether there was probable cause to believe that he had violated his terms of probation with specificity and accordingly, we must return this cause to the Mason Circuit Court for compliance with the *Morrissey* due process requirements. At this hearing, it will be incumbent on the Commonwealth to show by a preponderance of the evidence that the appellant has violated the terms of his probation. We must reject the appellee's argument that Murphy failed to preserve his position as to notice for appellate review pursuant to RCr 9.22 by failure to make timely objection for we believe that his constitutional rights should be afforded him regardless of the criminal rules.

In conclusion, we hold that appellant's conviction based upon his plea of guilty, was proper but that the cause is to be returned to the trial court with directions to grant appellant a new revocation hearing in conformity with this opinion.

The judgment is affirmed except so far as it is inconsistent with this opinion.

All concur.