946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Audwin D. BARNETT, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5693.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Audwin D. Barnett, a Kentucky prisoner proceeding without benefit of counsel, appeals from the judgment of the district court dismissing with prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Barnett alleged in his petition that his convictions for first degree robbery and first degree burglary were obtained by an unlawful inducement of a plea of guilty that was made involuntarily, unknowingly, and unintelligently. More specifically, Barnett alleged that the trial court judge "welshed" or reneged on the plea agreement. Barnett also alleged that counsel was ineffective in violation of the Sixth Amendment because counsel did not inform him that the judge was not absolutely bound by the terms of the plea agreement.
 
 
 4
 Upon review, we find no error.
 
 
 5
 Barnett pleaded guilty to first degree robbery and first degree burglary. The Commonwealth, pursuant to its agreement with him, opposed probation and recommended that Barnett be sentenced to serve two 15 year sentences concurrently (for a total of 15 years). After a moving statement by the 82 year old victim of the crime when the court was considering probation, the court expressly rejected the Commonwealth's recommendation and sentenced Barnett to serve the two 15 year sentences consecutively (for a total of 30 years).
 
 
 6
 The crux of Barnett's argument is that the trial judge had previously signed the plea agreement, thereby bestowing the court's imprimatur and binding it as a party privy to the contract. The record does not support his arguments. The record also belies any contention that counsel for the defense was in any way ineffective and reveals that the court informed Barnett that it was not bound by the agreement reached with the Commonwealth. Furthermore, Barnett cites no authority for the proposition that a court is bound by the terms of a plea agreement by the mere act of entering the written plea agreement form into the record. No constitutional violation occurred here. See Carwile v. Smith, 874 F.2d 382, 384-85 (6th Cir.), cert. denied, 110 S.Ct. 346 (1989).
 
 
 7
 The district court did not err. The judgment of the court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation