946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric STRATTON, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden, Respondent-Appellee.
 No. 91-5640.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Eric Stratton, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stratton entered a plea of guilty to seven counts of robbery and nine counts of kidnapping in exchange for the Commonwealth's recommendation that he be sentenced to serve ten years on each count of each indictment, the sentences to run concurrently (for a total of ten years). While represented by counsel, Stratton signed a written statement acknowledging that the trial court was not bound by the recommended sentence and that it could impose the maximum punishment provided by law. He was also informed of this fact by the trial judge at the sentencing hearing. The trial court ordered the sentences to run consecutively so that petitioner would serve a total of twenty years. The petitioner did not move to withdraw his guilty plea at this time.
 
 
 3
 Stratton then proceeded to exhaust his state court remedies as to all his claims (later to be presented in this action) except for his double jeopardy claim. The Kentucky Court of Appeals affirmed the denial of the claims on the merits, but also found that it could not rule on the double jeopardy claim because it had not been raised in the trial court. The Kentucky Supreme Court denied his belated motion for discretionary review.
 
 
 4
 He then filed a petition for a writ of habeas corpus alleging numerous irregularities in the taking of his guilty plea. Initially, the district court denied his petition, finding that Stratton did not have a constitutional right to withdraw his guilty plea after the trial court rejected the sentencing recommendation. Stratton filed a motion for reconsideration at which time he also raised a double jeopardy claim. In another memorandum opinion and order, the district court found that the petitioner's conviction for both robbery and kidnapping did not constitute double jeopardy. On May 13, 1991, the district court denied his petition for a writ of habeas corpus. Stratton has filed a timely appeal.
 
 
 5
 Upon review, we affirm the district court's order. A plea of guilty is valid if entered voluntarily, knowingly and intelligently, and its validity is determined by the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970). Stratton's plea was valid. Stratton executed a written document acknowledging that the trial court was not bound by any agreement reached between the parties; it also clearly outlined the maximum punishment which could be imposed. The trial judge also informed Stratton that he was not bound by the agreement and could impose a harsher sentence.
 
 
 6
 A trial court has discretion to refuse to permit the withdrawal of a guilty plea following the court's rejection of an agreed sentencing recommendation, as long as the record shows that the defendant was not misled by promises of leniency by the trial court. See Couch v. Commonwealth, 528 S.W.2d 712, 714-15 (Ky.1975). Furthermore, even if the court rejects a recommended sentence by the parties, a plea bargain based on hope and expectation of a more lenient sentence is still valid and fundamentally fair. Carwile v. Smith, 874 F.2d 382, 385-86 (6th Cir.), cert. denied, 110 S.Ct. 346 (1989).
 
 
 7
 The prosecutor recommended a more lenient sentence for the plea agreement and the trial court chose not to accept it. In the written agreement and at the sentencing hearing, petitioner was made aware that the court was under no obligation to accept the sentencing recommendation. Petitioner did not move to withdraw his guilty plea after the court imposed a harsher sentence. Clearly, the facts of this case do not show that petitioner was misled. He was informed in writing and at the time of his sentencing hearing regarding the court's ability to impose the maximum punishment allowable under the statute.
 
 
 8
 Stratton did not properly present his double jeopardy claim to the state courts and he is now barred from pursuing relief in the Kentucky courts. Kentucky permits a defendant to file one post-conviction Ky.R.Crim.P. 11.42 motion to challenge a conviction; therefore, Stratton is barred from seeking relief on that conviction in the Kentucky courts. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988). Because Stratton is barred from returning to state court, he must show cause and prejudice to excuse his failure to present his double jeopardy claim to the state courts in order to obtain federal review of this claim. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). There has been no showing of cause and prejudice. Thus, the claim is barred.
 
 
 9
 Petitioner's double jeopardy claim nonetheless lacks merit. If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 10
 When Stratton committed the crimes, he abducted his victims at gunpoint, drove them to another location and then robbed them. Under Kentucky law, the crime of robbery (Ky.Rev.Stat. § 515.020) requires proof of theft, and kidnapping does not. Under Kentucky law, the crime of kidnapping (Ky.Rev.Stat. § 509.040) requires more restraint of the victim than is required of the crime of robbery. In Kentucky, a person may not be convicted of kidnapping unless the interference with the victim's liberty exceeds that which is ordinarily incident to commisson of the offense which is the objective of his criminal purpose. Id. The facts in the present case show interference far in excess of that ordinarily incident to commission of the offense of robbery. Thus, each offense requires an element not required by the other, thereby satisfying the Blockburger test.
 
 
 11
 Accordingly, the request for counsel and a transcript at the government's expense is denied and the district court's judgment is affirmed pursuant to Rule (b)(3), Rules of the Sixth Circuit.