959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Royal Clifford SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2243.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHEDLER, Circuit Judges.
 
 ORDER
 
 1
 Royal Clifford Smith, a pro se federal prisoner, appeals the district court's dismissal of his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Smith pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana. Although the court told Smith that it probably would not accept the terms of sentencing in the plea agreement and gave Smith the opportunity to withdraw his guilty plea as a result, he nevertheless pleaded guilty in open court. He was sentenced to sixty months imprisonment, three years of supervised release and a $50 special assessment. Smith did not appeal his conviction or sentence.
 
 
 3
 Smith then filed his § 2255 motion, construed as asserting: (1) the court erred by not accepting the terms of the plea agreement; (2) the court erred by not allowing him to withdraw his guilty plea; (3) the court erred by finding there were sufficient facts to justify an upward departure in sentencing beyond the terms outlined in the plea agreement; and (4) his attorney's representation was ineffective. The district court summarily dismissed the case.
 
 
 4
 On appeal, Smith continues to argue the merits of his case except he has not asserted claims three and four listed above. He requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that Smith is barred from asserting his claims based on his failure to raise these claims at the time of sentencing or on direct appeal from his conviction or sentence, and he has not shown cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982). The Frady cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding. Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).
 
 
 6
 Smith's claims are nonetheless without merit. Contrary to Smith's assertion, he was given an opportunity to withdraw his guilty plea even though the court informed him that it most likely would impose a higher sentence than the one agreed to in the plea agreement. In addition, permission to withdraw a guilty plea prior to sentencing is not an absolute right. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). The court was not bound by the terms of the plea agreement. A plea bargain based on hope and expectation of a more lenient sentence is nonetheless valid and fundamentally fair. Carwile v. Smith, 874 F.2d 382, 385-86 (6th Cir.), cert. denied, 493 U.S. 943 (1989).
 
 
 7
 Smith's claims of ineffective assistance of counsel and insufficient facts to impose a higher sentence have been abandoned on appeal and are, therefore, not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Accordingly, Smith's request for counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.