16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald M. GEORGEOFF, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3890.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Donald M. Georgeoff appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Georgeoff and two other co-defendants, including his daughter, Diane Georgeoff, were indicted in a multi-count, multi-defendant superseding indictment charging them with violations of 18 U.S.C. Secs. 371, 1344, 152 and 2. The indictment arose from a check-kiting scheme to defraud several banks and from a bankruptcy scheme.
 
 
 4
 After four days of trial, Georgeoff agreed to plead guilty to one count of bank fraud in exchange for the government's promise to dismiss the other three counts against him and to dismiss all charges against Georgeoff's daughter. The district court accepted Georgeoff's guilty plea at a hearing held August 19, 1991.
 
 
 5
 On November 15, 1991, the district court denied Georgeoff's motion to withdraw his guilty plea. Thereafter, Georgeoff was sentenced to six months of incarceration and three years of supervised release, with a $5000 fine. The Sixth Circuit affirmed Georgeoff's conviction and sentence.
 
 
 6
 In his Sec. 2255 motion, Georgeoff alleged that he was denied the effective assistance of counsel and that his guilty plea was invalid because the government breached the plea agreement. The district court found both claims without merit and denied the motion in a memorandum opinion and judgment filed August 4, 1993.
 
 
 7
 Upon review, we affirm the district court's judgment because Georgeoff has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Georgeoff has failed to show that his counsel was ineffective because he did not allege that but for counsel's alleged error, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). In any event, any failure by counsel to inform Georgeoff of the "direct consequences" of his guilty plea was not prejudicial because the matter was clarified at the plea hearing. The trial court fully informed Georgeoff of the nature of the charges against him, the constitutional rights he was waiving, and the consequences he would face if he chose to plead guilty, including the maximum punishment for the bank fraud charge. Nothing in the record provides a basis for Georgeoff to argue that he was unaware of the direct consequences of his guilty plea. Thus, any errors his counsel may have made in this respect could not have prejudiced Georgeoff.
 
 
 9
 Just as the record shows no ineffective assistance of counsel, it also shows no agreement not to further prosecute Georgeoff. The government only agreed to dismiss all other counts against Georgeoff in exchange for his guilty plea to one count of bank fraud and, as a corollary to the agreement, to dismiss all charges against Georgeoff's daughter. Georgeoff's bare assertion of the government's agreement to abstain from further prosecution, without more, is insufficient to deprive his plea of its validity. "A mere subjective expectation of leniency is not enough." Carwile v. Smith, 874 F.2d 382, 385 (6th Cir.), cert. denied, 493 U.S. 943 (1989).
 
 
 10
 Georgeoff attempts to support his claim that such an agreement existed by citing the testimony of the government's counsel at an evidentiary hearing held December 30, 1992, on a motion filed by co-defendant Homer A. Hess to dismiss Hess from the second indictment. This argument was not raised in the district court, and no exceptional circumstances warrant that it now be reviewed by this court. See Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 194 (6th Cir.1992); Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 11
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation