RENDERED: JUNE 26, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0043-MR

CHRISTIAN DOMINGUEZ            APPELLANT

v.          APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 23-CR-00086

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, L. JONES, AND MOYNAHAN, JUDGES.

ACREE, JUDGE: Christian Dominguez seeks review of the Campbell Circuit Court's Order terminating his felony diversion program participation and sentencing him to probation. Dominguez contends the court failed to make findings required by KRS[1] 439.3106(1) and therefore abused its discretion. However, the court's order did not incarcerate Dominguez as would have required

---

[1] Kentucky Revised Statutes.

compliance with section (1)(a). The order imposed a lesser sanction authorized by section (1)(b) which does not require such compliance. Therefore, we affirm.

In February 2023, police officers were dispatched to a Campbell County Waffle House on a report of Dominguez threatening to shoot people. They recovered a loaded .38 revolver from his pocket, testing confirmed he was highly intoxicated, and he was later found to be in possession of 3.5 oxycodone pills. The grand jury returned a two-count indictment charging him with first-degree possession of a controlled substance (a felony) and third-degree terroristic threatening (a misdemeanor).

Dominguez and the Commonwealth entered into a plea agreement: the Commonwealth would recommend two years in the felony diversion program on count 1 (drug possession) and a twelve-month sentence probated for two years on count 2 (terroristic threatening), with the time running concurrently. The court accepted the plea, adjudged Dominguez guilty of both charges, and sentenced him pursuant to the Commonwealth's recommendation. The court's list of conditions to diversion included not violating any law of Kentucky or any other state.

The court entered a separate order placing Dominguez in the felony diversion program monitored by the Department of Probation and Parole and deferring sentencing on the drug possession charge pending program completion.

In October 2024, probation officer Kieran Brosnan filed an affidavit with the court stating Dominguez was arrested in Warren County, Ohio, on a charge of domestic violence. The trial court issued a warrant, and Dominguez was arrested in Kentucky for violating the terms of his diversion supervision.

At a diversion termination hearing, the Commonwealth introduced Brosnan's testimony. The court concluded Dominguez's conduct in Ohio violated the terms and conditions of the diversion order. That finding is uncontested.

Dominguez argues only that the trial court violated KRS 439.3106(1) by failing to make factual findings that: (1) defendant's "failure to comply with the conditions of supervision . . . constitutes a significant risk to prior victims of the supervised individual or the community at large," and (2) the defendant "cannot be appropriately managed in the community[.]" This argument misses the mark.

In deciding whether to void a pretrial diversion agreement, "the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." KRS 533.256(2). The trial court did so when it found the Commonwealth met its burden of showing Dominguez violated the conditions of his diversion supervision. *See Murphy v. Commonwealth*, 551 S.W.2d 838, 841 (Ky. App. 1977).

"[O]nce a Trial Court determines that a supervised individual violated the terms of his probation [or diversion], 'there are two possible outcomes:

revocation and possible incarceration, KRS 439.3106(1), **or** the imposition of sanctions 'other than revocation[.]'" *Nantz v. Commonwealth*, 728 S.W.3d 804, 811 (Ky. App. 2026) (quoting *Commonwealth v. Andrews*, 448 S.W.3d 773, 777 (Ky. 2014)) (emphasis original). Dominguez himself quoted the trial court's identification of the critical issue: "The question is . . . whether I'm going to keep you on probation or not." (Appellant's Br. 2.) In other words, will the trial court incarcerate Dominguez as KRS 439.3106(1) authorizes? If so, the court would have to make the findings Dominguez says the court failed to make.

But the trial court chose "[s]anctions other than revocation *and incarceration*" as authorized by KRS 439.3106(1)(b) (emphasis added). The specific sanction the trial court chose was probation, not incarceration. Therefore, the section (1)(a) findings required for revoking the privilege of avoiding immediate imprisonment—a privilege mercifully granted a convicted felon—are irrelevant. Instead, section (1)(b) governs. That section requires that the trial court's choice of a lesser sanction balance "the risk of future criminal behavior by the offender [on the one hand], and[, on the other,] the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community." KRS 439.3106(1)(b). The record shows the trial court struck that balance.

Nevertheless, Dominguez argues that, before diversion could even be revoked, "[t]he trial court was required to find that [he] could not be managed in the community . . . [and] posed a significant risk" to others. (Appellant's Br. 8.) Dominguez misunderstands the legislature's intent in enacting the statute.

We must "presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning . . . ." *Burke v. Commonwealth*, 506 S.W.3d 307, 317 (Ky. 2016). The criteria of section (1)(a) are not prerequisites to revocation but to the greater sanction of incarceration. The legislature established in section (1)(b) the criterion for revocation followed by lesser sanctions. The trial court satisfied that criterion in this case.

## CONCLUSION

The Campbell Circuit Court's December 23, 2024 Order terminating Dominguez's participation in a felony diversion program and sentencing him to probation is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ryan D. Mosley
Assistant Solicitor General
Frankfort, Kentucky