986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin L. SHEHEE, Defendant-Appellant.
 No. 92-3338.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before RYAN and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kevin L. Shehee pleaded guilty to one count of distribution of cocaine base in excess of five grams in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The district court sentenced Shehee to a term of two hundred sixty-two months (262) imprisonment and this appeal followed. The parties have briefed the issues and have waived oral argument. Shehee has moved for the appointment of new appellate counsel. The issues raised by Shehee's previously retained attorneys appear exhaustive and will thus be addressed.
 
 
 3
 Upon consideration, we do not find any reversible error in the district court proceedings. Shehee's first appellate contention is that the district court erred in refusing to permit him to withdraw his guilty plea prior to the imposition of sentencing. A decision not to permit withdrawal will be reviewed for an abuse of discretion. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). The district court did not abuse its discretion in denying the motion to withdraw the guilty plea. Thirty-three (33) days elapsed between the plea and the motion to withdraw. This delay supports the denial of Shehee's motion. See United States v. Spencer, 836 F.2d 236, 239 (6th Cir.1987) (affirming denial of motion to withdraw filed five weeks after entry of plea). In addition, it is important that Mr. Shehee admitted he sold in excess of five grams of crack cocaine to someone on the date indicated, although he was reluctant to admit that he sold it to a police officer.
 
 
 4
 Shehee's second claim is that he was denied the effective assistance of counsel prior to entering his guilty plea. An individual in Shehee's position alleging ineffective assistance of counsel bears the burden of showing that his counsel was objectively (or actually) deficient and that, but for the actual errors of counsel, he would not have pleaded guilty but would have insisted on going forward to trial. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). A review of the record reflects the meritless nature of this contention. The evidence supports the conclusion that Shehee's trial counsel made an informed decision that he should enter a guilty plea and that he acted in Shehee's best interest at all times.
 
 
 5
 Shehee's third appellate contention is that the district court improperly determined that he was not entitled to a two-point sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. A district court's decision to deny § 3E1.1 credit is entitled to great deference on review and will not be disturbed unless clearly erroneous. United States v. Saenz, 915 F.2d 1046, 1047 (6th Cir.1990). The record reflects the court's exasperation with Shehee's evasions and reluctance to acknowledge his involvement in the drug sale in any terms but his own. This claim lacks merit.
 
 
 6
 Shehee's final appellate claim is that the ratio between the sentences for cocaine powder and crack cocaine offenses violates due process and equal protection. This argument was considered and rejected in United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 7
 Accordingly, the motion for the appointment of appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.