**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Daniel JOHNSON,**
**Defendant–Appellant.**

**No. 93–6300.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 26, 1995.

Decided Feb. 1, 1995.

Harwell G. Davis, III (briefed), Huntsville, AL, for plaintiff-appellee.

Robert Daniel Johnson, pro se.

Barbara A. Leitner (briefed), Atlanta, GA, for defendant-appellant.

Before: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*

## ORDER

Robert Daniel Johnson appeals his judgment of conviction and sentence following his guilty plea. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App.P. 34(a).

In 1993, Robert Daniel Johnson was named in a two count indictment for possessing and distributing marijuana. Johnson later entered into a guilty plea to count one, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The district court thereafter sentenced Johnson to a 36 month term of imprisonment and this appeal followed.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan,

Johnson is represented by his second attorney for purposes of this appeal. Johnson's first attorney was permitted to withdraw after filing a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Johnson's present counsel filed a brief on the merits of the appeal and the government responded.

Counsel for Johnson raises one issue on appeal, namely, the propriety of the government's decision not to move for a sentence reduction based on Johnson's substantial assistance. Examination of the record and law, however, reflects the meritless nature of this claim.

Johnson was indicted on a two count marijuana distribution charge. He subsequently agreed to plead guilty to count one of the indictment in exchange for 1) the government's agreement to recommend that the second count be dropped, and 2) the government's promise to file a motion for a downward adjustment pursuant to USSG § 5K1.1, the "substantial assistance" reduction, if warranted. The agreement contemplated that the decision to file the § 5K1.1 motion rested "solely within the government's discretion" and would not constitute grounds for revocation of the plea should the government not so move. Defendant Johnson acknowledged this aspect of the agreement in open court.

The government, in fact, did not move for a § 5K1.1 departure at sentencing. This decision is recorded in the following exchange:

MR. PIPER [COUNSEL FOR JOHNSON]: Yes, Your Honor, I would. Mr. Johnson has assisted the Government, Your Honor, and I understand Mr. Davis at this time is not moving for a downward departure. I'd just like to bring that to the Court's attention. He went back to Texas and recorded a few phone calls, and also at some expense to himself I think even bought a tape recorder and cooperated with the FBI while he was in Texas.

\* \* \* \* \* \*

sitting by designation.

THE COURT: Okay. Mr. Johnson, is there anything you want to say to the Court at this time?

THE DEFENDANT: No, sir.

THE COURT: Mr. Davis, anything the Government wants to say?

MR. DAVIS: Your Honor, what Mr. Piper has said is essentially correct. The Government is not in a position to make a motion under 5K1.1 at this time, although it's possible with some future action on the part of Mr. Johnson a Rule 35 may be forthcoming but at this time we're not ready to go forward with a 5K[1.1] motion. However, to the extent that Mr. Johnson has done some work at this point, he has been cooperative with the Government, he has not been uncooperative, but we don't feel would warrant a 5K[1.1] motion on the part of the Government.

THE COURT: Okay.

Transcript of Sentencing, pp. 4–5.

The court proceeded to sentence Johnson to a 36 month term, a term of imprisonment at the lower end of the 33–41 month guideline range.

Counsel for Johnson brings one assignment of error on appeal. She argues that, having acknowledged Johnson's cooperation in the plea agreement, the government's refusal to move for a downward departure under USSG § 5K1.1 was manifestly an exercise in bad faith. The record and law, however, do not support this position.

■ In *Wade v. United States,* — U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that a decision not to file a § 5K1.1 motion is indeed not insulated from all review. The Court, however, plainly noted that the burden was on the petitioner to plead and prove that the government's decision in this regard was the result of a constitutionally suspect motivation. *Id.* at ——, 112 S.Ct. at 1843–44; *see also United States v. Bagnoli,* 7 F.3d 90, 92 (6th Cir.1993), *cert. denied,* — U.S. ——, 115 S.Ct. 95, 130 L.Ed.2d 45 (1994). This claim will fail if the petitioner alleges his cooperation alone merited the motion. *Wade,* — U.S. at —— – ——, 112 S.Ct. at 1843–44.

■ In the case at bar, there is absolutely no showing of record that the government's failure to make a § 5K1.1 motion was motivated by unconstitutional considerations. The government plainly stated that the sole reason for this decision was the extent and nature of Johnson's cooperation; trial counsel for Johnson made no attempt to show otherwise, preferring instead to detail Johnson's cooperation for the court. There is no precedent in case law for this court to assume from an empty record that the government's decision was prima facie evidence of their bad faith in the plea process. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.