52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert J. THENO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6471.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Robert J. Theno appeals pro se from a district court judgment that denied a motion to vacate, correct or set aside his sentence under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court under Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 A federal jury convicted Theno of attempting to possess cocaine for intended distribution, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. On June 21, 1991, the district court sentenced him to a term of 125 months of imprisonment and 4 years of supervised release. This court affirmed Theno's conviction and sentence on direct appeal.
 
 
 4
 In his Sec. 2255 motion, Theno alleged only that he was denied due process and a fair trial because the prosecution refused to move for a downward departure from the sentencing guidelines, based on the substantial assistance that he had rendered in investigating other crimes. See 18 U.S.C. Sec. 3553(e); USSG Sec. 5K1.1. On October 18, 1994, the district court adopted a magistrate judge's recommendation over Theno's objections and dismissed the case. It is from this judgment that Theno now appeals.
 
 
 5
 The appellee argues that Theno's appeal is not timely because it was filed more than ten days after the district court's judgment. However, Theno had 60 days in which to file his appeal, as a Sec. 2255 motion is civil in nature and the United States is a party to this action. See Fed.R.App.P. 4(a)(4); United States v. Hayman, 342 U.S. 205, 209 n. 4 (1952). Therefore, Theno's appeal was timely filed.
 
 
 6
 Theno argues that the prosecution's refusal to move for a Sec. 5K1.1 reduction violated his rights to due process. Relief is appropriate on Theno's nonconstitutional claim only if the record reflects an egregious error that violates due process or a fundamental defect in his sentencing that resulted in a complete miscarriage of justice. See Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Moreover, to obtain review on the merits, Theno must show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The denial of Theno's Sec. 2255 motion was proper because he has not made any attempt to establish cause regarding his claim. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). His failure to do so independently precludes review of this claim on the merits. See id.
 
 
 7
 In addition, Theno was not prejudiced by his failure to raise this claim on direct appeal because it is clearly without merit. Contrary to Theno's suggestion, the prosecution's decision not to file a Sec. 5K1.1 motion is reviewable by the courts. See Wade v. United States, 112 S.Ct. 1840, 1842 (1992). However, Theno had the burden of pleading and proving that the prosecution's refusal to file the motion was based on a constitutionally suspect motive. See id. at 1843-44. He has not met that burden here. Thus, the claim is unavailing despite Theno's assertion that his assistance in other cases merited a Sec. 5K1.1 motion. See id.; United States v. Johnson, No. 93-6300, 1995 WL 35712, at * 2 (6th Cir. Feb. 1, 1995).
 
 
 8
 Theno now argues that the prosecution erroneously combined the criteria for a Sec. 5K1.1 motion with the standards for reducing a defendant's sentence for acceptance of responsibility under USSG Sec. 3E1.1. However, a defendant's failure to accept responsibility may also provide a rational basis for refusing to file a substantial assistance motion. In the present case, the sentencing court expressly found that Theno had not provided credible testimony at trial. The guidelines specifically provide that the court may consider "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant," in determining whether to grant a substantial assistance motion. USSG Sec. 5K1.1(a)(2) (emphasis added). The court may also consider the usefulness of the defendant's assistance. USSG Sec. 5K1.1(a)(1). It could be argued that Theno's assistance is substantially less useful now because the testimony that he might offer in other cases would be subject to impeachment based on the court's credibility finding at sentencing. Hence, there was a rational basis for the prosecution's decision not to file a Sec. 5K1.1 motion in Theno's case.
 
 
 9
 Theno also briefly mentions the following claims: 1) the prosecutor made false statements at trial; 2) he did not intend to purchase any drugs; and 3) there was only enough money sent to purchase one, rather than two, kilograms of cocaine. We will not review these claims because they were not effectively presented to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Theno also argues that he was entitled to an evidentiary hearing. He has not, however, shown that the record provides an inadequate basis for resolving his claims. See Short v. United States, 504 F.2d 63, 65 (6th Cir.1974) (per curiam). Nor has he shown that the prosecution's motives were unconstitutional, as required by Sec. 5K1.1. See Wade, 112 S.Ct. at 1844.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.