86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis HUNT, Defendant-Appellant.
 No. 95-6290.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Dennis Hunt pleaded guilty to possessing cocaine base for intended distribution, in violation of 21 U.S.C. § 841(a)(1). On September 8, 1995, the district court sentenced him to 151 months of imprisonment and five years of supervised release. It is from this judgment that Hunt now appeals. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hunt's attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). As a potential issue, counsel notes that Hunt may wish to argue that the prosecution was required to move for a downward departure under USSG § 5K1.1. Hunt was served with his counsel's motion and brief, but he has not filed any response.
 
 
 3
 Initially, we note that Hunt's guilty plea was intelligent and voluntary and that the trial judge substantially complied with the requirements of Fed.R.Crim.P. 11. The court properly determined that Hunt was competent and that he understood the constitutional rights he was waiving, the nature of the charges against him and the consequences of his plea.
 
 
 4
 The prosecution's decision not to file a § 5K1.1 motion is reviewable by the courts. Wade v. United States, 504 U.S. 181, 185 (1992). However, Hunt has the burden of pleading and proving that the prosecution's refusal to file this type of motion was based on a constitutionally suspect motive, such as his race or religion. See id. at 186.
 
 
 5
 At sentencing, the prosecution stated that it had given Hunt an opportunity to assist in the investigation of others and that Hunt's alleged attempts to do so did not warrant a sentencing reduction under USSG § 5K1.1, as he had not "done anything that has been helpful to the government." There is no indication that the prosecution's reasons for refusing to file a § 5K1.1 motion were constitutionally impermissible or that its refusal was not rationally related to a legitimate governmental purpose. See id. Thus, the present record would not support a claim that Hunt's attempt to provide assistance in investigating other cases required a § 5K1.1 motion. See id. at 187; United States v. Johnson, 46 F.3d 19, 25 (6th Cir.1995) (order).
 
 
 6
 The district court accepted Hunt's sole objection to the presentence investigation report and reduced his offense level for acceptance of responsibility, under USSG § 3E1.1. This resulted in a range of 151 to 188 months of imprisonment. Counsel moved for a downward departure when it became apparent that the prosecution would not move for a further sentencing reduction under USSG § 5K1.1. However, the court's refusal to make a downward departure is not reviewable on appeal, as it is clear that the court was aware of its discretion in this regard. See United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995).
 
 
 7
 In the absence of plain error, Hunt has waived any other arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). No other potential error is apparent from the present record.
 
 
 8
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.