94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis L. DUNNING, Defendant-Appellant.
 No. 95-6171.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Dennis L. Dunning appeals his judgment of conviction and sentence entered on his plea of guilty to possession of cocaine base in violation of 21 U.S.C. § 841(a)(1), for which he received 188 months of imprisonment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On appeal, Dunning's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), presenting the following issues for review: 1) whether Dunning received ineffective assistance of counsel; and 2) whether the government breached his plea agreement when it refused to file a USSG § 5K1.1 motion for a downward departure. Dunning has filed a response, arguing that: 3) the government violated his right to a speedy trial; and 4) he pleaded guilty to possessing cocaine, not cocaine base. He also requests the appointment of new counsel.
 
 
 4
 Initially, we conclude that Dunning's claim that he received ineffective assistance of counsel is not cognizable on direct appeal and is more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. See United States v. Seymour, 38 F.3d 261, 262 (6th Cir.1994).
 
 
 5
 Upon further review, we conclude that Dunning's remaining arguments are without merit. The government did not breach Dunning's plea agreement. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984); United States v. Robison, 924 F.2d 612, 613-14 (6th Cir.1991). The record establishes that Dunning received the benefit of his plea bargain as the government merely agreed to consider filing a § 5K1.1 motion if and when Dunning provided substantial assistance in the prosecution of other suspected drug dealers. The government was not obligated to file such a motion because Dunning did not provide substantial assistance. Moreover, Dunning did not establish that the government's decision not to file a § 5K1.1 motion was a result of constitutionally suspect motivation. See United States v. Williams, 53 F.3d 769, 772-73 (6th Cir.1995), cert. denied, 116 S.Ct. 928 (1996); United States v. Johnson, 46 F.3d 19, 21 (6th Cir.1995). In addition, the record clearly reflects that Dunning pleaded guilty to possessing cocaine base, as the indictment charged Dunning and a co-defendant with aiding and abetting each other with the possession of forty-nine grams of cocaine base.
 
 
 6
 Dunning has waived his right to assert any potential violations of the Speedy Trial Act by pleading guilty. See United States v. Cox, 985 F.2d 427, 433 (8th Cir.1993); United States v. Gines, 964 F.2d 972, 976 (10th Cir.1992), cert. denied, 506 U.S. 1069 (1993). Dunning's guilty plea waived all non-jurisdictional defects, Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), and alleged violations of the Speedy Trial Act constitute non-jurisdictional defects. See Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir.1993); Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir.1992); Gines, 964 F.2d at 977.
 
 
 7
 Finally, review of the record reflects that Dunning knowingly and voluntarily pleaded guilty. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). The district court explained the rights that Dunning was waiving, determined that no threats or promises had been made to compel Dunning to plead guilty, and explained the potential penalty associated with the guilty plea. Moreover, Dunning acknowledged that two officers had discovered him with a controlled substance in his possession.
 
 
 8
 We have further examined the record in this case, including the transcripts of Dunning's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 9
 Accordingly, we grant counsel's motion to withdraw, deny Dunning's request for new counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation