107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin Lamont SHEHEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3148.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Kevin Lamont Shehee appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Shehee pleaded guilty to distributing cocaine base, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He had signed a written plea agreement which stated that the government "may" move for a downward departure under USSG § 5K1.1, if Shehee provided substantial assistance in the investigation of others. Shehee subsequently moved for enforcement of the plea agreement or for leave to withdraw his guilty plea, alleging that the government had indicated that it would not file a motion under § 5K1.1. The trial court denied these motions after conducting several evidentiary hearings. On April 3, 1992, Shehee was sentenced to a term of 262 months of imprisonment and five years of supervised release.
 
 
 4
 Shehee raised four primary claims in his current § 2255 motion: 1) the government withheld information that was favorable to the defense during the hearings on his motions for enforcement of the plea agreement or for leave to withdraw his plea; 2) the government allowed an investigating agent to give false testimony during these hearings; 3) the investigating agent "intruded into Attorney-Client privileged communications;" and 4) the trial judge was biased and should have recused himself. The district court denied Shehee's § 2255 motion on January 17, 1996, and it is from this judgment that he now appeals.
 
 
 5
 We review the denial of a § 2255 motion de novo, although the district court's factual findings are accepted as true unless they are clearly erroneous. Nagi v. United States, 90 F.3d 130, 134 (6th Cir.1996). For Shehee to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. at 133-34. In addition, Shehee must show cause and prejudice to excuse the failure to raise his current claims on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Shehee has not established prejudice because all of his claims lack substantial merit. The failure to meet this part of the test independently precludes further review of his claims. See McCleskey v. Zant, 499 U.S. 467, 502 (1991).
 
 
 6
 Initially, we note that the trial court did not err by denying Shehee's motions to enforce his interpretation of the plea agreement or to allow him to withdraw his plea. Shehee did not meet his burden of showing that the prosecution's refusal to file a § 5K1.1 motion was based on a constitutionally suspect motive, such as his race or religion. Thus, the court did not err by denying Shehee's motion to enforce the plea agreement, insofar as Shehee had interpreted it as requiring the government to file a motion under § 5K1.1. See Wade v. United States, 504 U.S. 181, 185-87 (1992); United States v. Johnson, 46 F.3d 19, 21 (6th Cir.1995) (order).
 
 
 7
 Moreover, the court did not abuse its discretion by denying Shehee's motion for leave to withdraw his plea. A review of the plea agreement shows that the government expressly reserved absolute discretion to decide whether a § 5K1.1 motion was warranted. Thus, the plea agreement did not contain an enforceable promise to file such a motion and Shehee's guilty plea was valid, even though he did not receive the sentence reduction that he had hoped for. See Carwile v. Smith, 874 F.2d 382, 385-86 (6th Cir.), cert. denied, 493 U.S. 943 (1989).
 
 
 8
 Shehee now argues that the government abandoned the written agreement when the prosecuting attorney made the following statement at one of his hearings: "Your Honor, had anything Mr. Shehee said, either before the plea agreement or after it, been of value, we would have made the motion." This argument fails because the prosecutor's statement is not inconsistent with the language of the written plea agreement. Moreover, Shehee could not have relied on the prosecutor's statement when he signed the plea agreement or entered his guilty plea, as the statement was made after those events occurred. Finally, the disputed statement indicates that the refusal to file a § 5K1.1 motion was based solely on the prosecution's evaluation of Shehee's cooperation, rather than a constitutionally impermissible motive.
 
 
 9
 It follows that Shehee was not prejudiced by the failure to raise his current claims on direct appeal, as the errors he has alleged would not have affected the validity of his sentence or plea. Shehee first alleged that the prosecution improperly withheld evidence which would have indicated that he had provided the government with information that had assisted in the prosecution of others. See Brady v. Maryland, 373 U.S. 83, 87 (1963). "[T]he government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987). Evidence is material if there is a reasonable probability that the result of the proceeding would have been different if it had been disclosed to the defense. Id.
 
 
 10
 The exculpatory affect of the evidence that was allegedly withheld is speculative in Shehee's case. Moreover, the disputed evidence would not have been determinative of Shehee's motions to enforce the plea agreement or to withdraw his plea, as the government had exclusive discretion to determine the value of any information that he may have provided. Therefore, the district court properly determined that the alleged failure to disclose information regarding the value of Shehee's cooperation did not amount to constitutional error. See United States v. Clark, 988 F.2d 1459, 1467 (6th Cir.) (per curiam), cert. denied, 510 U.S. 832 (1993).
 
 
 11
 In his second claim, Shehee alleged that the government allowed a witness to give false testimony during the hearings on his motions to enforce the plea agreement or to withdraw his plea. However, Shehee was not prejudiced by the failure to raise this claim on direct appeal, as the disputed testimony would not have affected the district court's resolution of his motions. Further evidence of Shehee's cooperation would not have authorized judicial enforcement of the plea agreement, as there was no evidence that the government had refused to file a § 5K1.1 motion because of a constitutionally impermissible reason. Moreover, additional evidence regarding Shehee's cooperation would not have shown that his plea was induced by an absolute promise, rather than the mere hope, that a § 5K1.1 motion would be filed on his behalf.
 
 
 12
 In his third claim, Shehee alleged that an investigating agent "intruded into Attorney-Client privileged communications," by making a "proffer" to him when his counsel was not present, even though the agent knew that Shehee had counsel and had previously asserted his right to remain silent. Shehee apparently argues that this intrusion resulted in his decision to forego viable double jeopardy, vindictive prosecution, and selective prosecution claims.
 
 
 13
 The district court found that Shehee's primary claim was meritless because he had initiated the disputed meeting. This claim also fails because the meeting occurred several months before Shehee entered a valid plea. Thus, any Fifth or Sixth Amendment violation that may have occurred was waived when he entered that plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Shehee's subsidiary arguments are equally unavailing, as a review of the record does not reveal any viable basis for his proposed double jeopardy, vindictive prosecution, and selective prosecution claims.
 
 
 14
 In his fourth claim, Shehee alleged that he was denied the effective assistance of counsel on direct appeal because his attorney did not argue that the trial judge had been biased during the hearings that were held on his motions. A federal judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). However, recusal was not required in the present case, because Shehee's allegations of judicial bias are based on the trial judge's participation in the case. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). Moreover, an independent examination of the hearing transcripts indicates that the allegations of judicial bias are wholly lacking in merit.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation