110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noe Eduardo CASTRO-RAMIREZ, also known as Noe Noe Eduardo
Castro-Ramirez, Defendant-Appellant.
 No. 96-5582.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Noe Eduardo Castro-Ramirez, represented by counsel, appeals a sentence in a criminal case. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1995, Castro-Ramirez pleaded guilty to possession of cocaine with intent to distribute it, a violation of 21 U.S.C. § 841. The district court sentenced him to imprisonment for 120 months.
 
 
 3
 Having filed a timely appeal, Castro-Ramirez contends that: 1) the government improperly refused to file a motion for departure pursuant to U.S.S.G. § 5K1.1; 2) the district court erred when it did not grant him a sentence reduction for being a minor participant; and 3) the district court erred when it imposed the mandatory minimum sentence.
 
 
 4
 Upon review, we conclude that the government has not been shown to have acted improperly when it declined to file a motion under U.S.S.G. § 5K1.1 to reduce Castro-Ramirez's sentence. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Johnson, 46 F.3d 19, 21 (6th Cir.1995). Castro-Ramirez presented no evidence that the government's failure to file a § 5K1.1 motion was motivated by unconstitutional considerations.
 
 
 5
 The district court properly denied Castro-Ramirez a downward adjustment under § 3B1.2. Castro-Ramirez did not meet his burden of proving mitigating circumstances for his role in the offense. See United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993).
 
 
 6
 Finally, the district court properly determined that Castro-Ramirez did not meet the requirements of § 5C1.2. The court thus acted properly in sentencing him to the mandatory minimum. See United States v. Adu, 82 F.3d 119, 124 (6th Cir.1996). Castro-Ramirez never provided the government with any detailed information concerning where he was supposed to have delivered the cocaine or how he was supposed to have contacted the person to whom it was to be delivered.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment.