**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Robert PILKEY,**
**Defendant–Appellant.**

**No. 02–5538.**

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

*ORDER*

William Robert Pilkey pleaded guilty to conspiring to distribute a mixture containing methamphetamine. *See* 21 U.S.C. §§ 841(b)(1)(a) *and* 846. On April 5, 2002, he was sentenced to 136 months of imprisonment and five years of supervised release. Pilkey's appeal has been referred

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Pilkey was appointed new counsel, who has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pilkey has filed a response, which includes a motion to expand the record on appeal.

The rearraignment transcript shows that Pilkey understood his rights, the nature of the charges, and the consequences of his plea. He indicated that his guilty plea was voluntary, and acknowledged a sufficient factual basis for his plea. Pilkey subsequently moved to dismiss his attorney and drop his plea agreement, but the district court properly dismissed those motions at Pilkey's request. Thus, we conclude that his guilty plea was constitutionally valid.

The presentence report indicated that Pilkey had a base offense level of 34 because he was responsible for at least 1.5 kilograms of methamphetamine. *See* USSG § 2D1.1(c)(3) (2001). Pilkey's attorney initially argued that his base offense level should be only 32. However, counsel later indicated that all objections to the presentence report had been resolved. Thus, Pilkey has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Pruitt,* 156 F.3d 638, 647–48 (6th Cir.1998).

Counsel now suggests that Pilkey may wish to argue that he was not responsible for 1.5 kilograms of methamphetamine. However, a co-defendant made statements which indicated that Pilkey had distributed more than six pounds of methamphetamine to her. Thus, his offense level was justi-fied by a conservative estimate of the drugs that were involved in the conspiracy. *See id.*

Pilkey argues that he was coerced into withdrawing his objection to the presentence report by the government's threat not to move for a reduced sentence. This argument fails, as he has not shown that the government's alleged actions were based on a constitutionally impermissible motive, such as his race or religion. *See United States v. Johnson,* 46 F.3d 19, 21 (6th Cir.1995).

Pilkey also argues that the district court improperly enhanced his offense level for possessing a firearm under USSG § 2D1.1(b)(1). However, a loaded pistol was found in a truck in which Pilkey was riding when he sold methamphetamine to a confidential informant and a shotgun and scales were found in the room where he was staying. Thus, the court did not commit plain error as Pilkey did not show that it was clearly improbable that these firearms were connected to his offense. *See United States v. Hill,* 79 F.3d 1477, 1485–86 (6th Cir.1996).

Finally, counsel suggests that Pilkey may wish to argue that he was denied the effective assistance of counsel because his former attorney did not take his case to trial or object to his offense level. However, any ineffective assistance claim that Pilkey might have would properly be raised in a motion to vacate his sentence under § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.