**Kevin L. SHEHEE, Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 03–6485.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Kevin L. Shehee, Ashland, KY, pro se.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

*ORDER*

Kevin L. Shehee moves for pauper status on appeal from a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Shehee pleaded guilty to distribution of cocaine base in excess of five grams in the United States District Court for the Southern District of Ohio and was sentenced to 262 months of imprisonment. This court affirmed the conviction and sentence on direct appeal. *United States v. Shehee,* No. 92-3338, 1993 WL 24155 (6th Cir. Feb.3, 1993). Thereafter, the sentencing court denied Shehee's motion to vacate sentence filed under 28 U.S.C. § 2255, and this court affirmed the judgment. *Shehee v. United States,* No. 96-3148, 1997 WL 66528 (6th Cir. Feb.14, 1997). Later still, this court denied Shehee's motion for an order authorizing the district court to consider a second or successive motion to vacate his sentence.

In addition, Shehee filed an earlier habeas corpus petition in the United States District Court for the Eastern District of Kentucky, where he was then and is currently incarcerated, pursuant to 28 U.S.C. § 2241. The district court dismissed the petition, and this court affirmed the district court's judgment on appeal. *Shehee v. Perez,* No. 99-5960, 2000 WL 571950 (6th Cir. May 2, 2000). Finally, it appears that another motion for an order authorizing the district court to consider a second or successive motion to vacate his sentence is pending before this court in Case No. 03-3753.

In the instant case, Shehee filed another habeas corpus petition, affidavit, and an addendum to actual innocence argument, alleging that he is actually innocent of distribution of cocaine base. Specifically, Shehee alleged that Drug Enforcement Agency records reflect that substances tested were cocaine hydrochloride rather than crack cocaine. The district court dismissed the petition sua sponte. Shehee filed a timely notice of appeal. On appeal, Shehee contends that he is actually innocent of distribution of cocaine base and that a motion to vacate sentence under 28 U.S.C. § 2255 is an inadequate and ineffective remedy.

Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999),

we affirm the judgment for the reasons stated by the district court in its memorandum opinion and order filed September 10, 2003. A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective. *Id.* at 756. However, the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758. Section 2255 is not inadequate or ineffective merely because that remedy is unavailable to petitioner because of a procedural bar. *Id.* at 756–58.

This court has recognized as cognizable under § 2241 only claims of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles*, 180 F.3d at 756–57. Moreover, the Supreme Court has held that only its own decision concerning the retroactivity of a new rule of constitutional law can satisfy this requirement. *Tyler v. Cain*, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

▮▮▮ Here, the district court correctly concluded that Shehee asserts no claim cognizable under § 2241. It is noted that the district court did not assess the credibility of the evidence that Shehee claims supports his actual innocence claim. Rather, the district court correctly concluded

that Shehee could have brought his claim earlier by motion to vacate sentence pursuant to § 2255, and that the § 2255 remedy is not inadequate or ineffective merely because he may now be procedurally barred from bringing his claim under that provision. *See Charles*, 180 F.3d at 756–58. Further, the district court correctly concluded that Shehee's claim is not based upon a new rule of law made retroactive by a Supreme Court case, and is therefore not cognizable under § 2241 in any event. *See Tyler*, 533 U.S. at 662. Under these circumstances, the district court properly dismissed Shehee's petition.

For the foregoing reasons, the motion for pauper status is granted, and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.